# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-981-SVW-MRW | Date | February 24, 2015 |
|---|---|---|---|
| Title | David Shamouelian v. Joseph Nazar | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**    IN CHAMBERS ORDER SCHEDULING EVIDENTIARY HEARING

Federal Rule of Civil Procedure 65 permits courts to issue temporary restraining orders under limited circumstances. "The moving party must show either (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in favor of the moving party." *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839-40 (9th Cir. 2001) (citing *Dr. Seuss Enters. v. Penguin Books USA, Inc.*, 109 F.3d 1394, 1397 n.1 (9th Cir. 1997)). Courts in the Ninth Circuit evaluate these considerations on a sliding scale: if the movant shows he is very likely to prevail on the merits, then he need only show that the balance of hardships tips in his favor (and vice versa). *See Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003).

The Court has reviewed the parties' original submissions as well as their supplemental filings. On the current record, significant factual discrepancies exist — indeed, the parties' sworn statements disagree on most key facts. This renders it impossible for the Court to determine whether the movant is likely to prevail on the merits. For example, it is difficult to discern the corporate structure, the parties' employment relationship, or their business history.

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-981-SVW-MRW | Date | February 24, 2015 |
|---|---|---|---|
| Title | David Shamouelian v. Joseph Nazar | | |

Moreover, since the declarations dispute whether the movant's business is currently suffering from defendant's conduct or is operating as normal, the Court cannot properly evaluate the relative hardships.

    Therefore, the Court schedules an evidentiary hearing on March 3, 2015, at 9:30 a.m. The Court orders the principal parties to attend and testify.

_____ : _____

Initials of Preparer     PMC